GILLILAND, *Appellant*, V. GILLILAND.

1.  **Husband and Wife :** PURCHASE OF LAND BY HUSBAND : CONVEY-
    ANCE TO WIFE : RESULTING TRUST. Where land purchased by the
    husband with his funds is, at his instance, conveyed to his wife,
    the transaction constitutes *prima facie* an advancement, and
    rebuts the resulting trust that would otherwise arise in his favor.

2.  ———— : ———— : ———— : MARRIED WOMAN'S ACT. Such conveyance
    gives the wife a title under the married woman's act, and the sale
    of the land would give the husband no right to the proceeds nor
    any interest therein. When that act operates, the rights of the
    husband at common law in his wife's property instantly perish,
    except to the limited extent preserved by Revised Statutes, 1879,
    sections 3295, 3296.

3.  ———— : ———— : ———— : ————. The reception by the husband of
    the proceeds of the sale of the land so conveyed to his wife and
    depositing them in his own name in bank, before investing them in
    other lands for her, could have no effect in conferring upon him
    any interest in such proceeds. In such case, he was no more than
    any stranger whom the wife might have employed in the transac-
    tion of the business.

4.  ———— : ———— : ———— : ————. The only way in which the hus-
    band could have acquired any interest in such proceeds was by the
    method prescribed by Revised Statutes, 1879, sections 3295, 3296.

5.  ———— : ———— : ———— : ————. Inasmuch as the husband could
    not appropriate the proceeds arising from the sale of his wife's
    land, his creditors could not do more than he could.

*Appeal from Johnson Circuit Court.* — HON. NOAH
M. GIVAN, Judge.

AFFIRMED.

*S. P. Sparks* for appellant.

(1) Real estate acquired by the wife during cover-
ture, with the means of the husband, when sold, the pro-
ceeds become the property of the husband, and is not

within the protection of the statute. R. S. sec. 3295 ; *Tilman v. Tilman*, 50 Mo. 40 ; *Sumner v. McCray*, 60 Mo. 493 ; *Terry v. Wilson*, 63 Mo. 498 ; *Sloan v. Torry*, 78 Mo. 623 ; *Emerson v. Cutler*, 14 Pick. 108 ; *Kesner v. Tregg*, 98 U. S. 50–54 ; *Humphries v. Harrison*, 30 Ark. 70, 83, 84 ; *Fourth v. Matthew*, 15 Conn. 588 ; *Thomas v. Chicago*, 55 Ill. 103 ; *Lichtenberg v. Graham*, 50 Ind. 288 ; *Hackett v. Shuford*, 86 N. C. 144, 149 ; *Cowden v. Pitts*, 58 Tenn. 59, 60 ; *Benedict v. Montgomery*, 7 Watts & Serg. 348 ; *Johnson v. Bennett*, 39 Barb. 237 ; *Barber v. Slade*, 30 Vt. ; *Hamlin v. Jones*, 20 Wis. 53, 539 ; *Hutchins v. Gilman*, 9 N. H. 359. (2) The proceeds arising from the sale of real estate of the wife, acquired during coverture, with her own, but not her separate estate, in the absence of an agreement respecting their disposition, when the wife voluntarily permits them to come into the possession of the husband, becomes his property. Bishop Mar. Wom. [Ed. 1873,] sec. 605 ; Kelly's Cont. Mar. Wom. chap. 5, sec. 4, p. 107 ; *Tilman v. Tilman, supra.*

*O. L. Houts* for respondent.

(1) The deed to defendant executed February 18, 1870, recorded May 5, 1870, vested title in her to the lands therein described, exempt from payment of subsequent debts of her husband, though the consideration for the land was paid by the husband, and was a gift to her, no badge of fraud being connected with the execution of the deed, and the husband not being indebted at the time and not contemplating becoming indebted in the future. *Kinealy v. Macklin*, 89 Mo. 433. (2) The contention of plaintiff that defendant's husband reduced the proceeds of the Vernon county lands to his possession, is squarely in conflict with the undisputed facts in the case. In the second place, that money was her separate property, and in the absence of her express assent

in writing, he could not have reduced it to his possession. R. S. 1879, sec. 3296; *Rodgers v. Bank*, 69 Mo. 560; *Houx v. Shaw*, 25 Mo. App. 233. If defendant's husband had attempted to reduce this fund to his possession, and had gone so far as to invest it in the lands in question in his own name, under the facts in this case, he would have held it as her trustee and it would not have been subject to the payment of plaintiff's judgment. This was the rule in this state, even before the passage of the married woman's act of 1875. *Pawley v. Vogel*, 42 Mo. 303; *Tenneson v. Tenneson*, 46 Mo. 77; *Kinealy v. Macklin*, 89 Mo. 433; *Bowen v. McKean*, 82 Mo. 594.

SHERWOOD, J.—The defendant is the widow and relict of W. K. Gilliland, who departed this life May 20, 1885. In February, 1870, the decedent purchased with his own means one hundred and sixty acres of land in Vernon county, and had the title conveyed to his wife, by deed in ordinary form, which was recorded in May next thereafter. At that time the husband was not indebted, and had, after paying for the land, some seventeen hundred dollars in cash and some five hundred dollars in personal property, and there is an entire absence of any intention on his part to defraud subsequent creditors. In October, 1874, the husband executed a note for two hundred and eighty-five dollars to plaintiff, upon which judgment was obtained in February, 1885, and the next month this proceeding was instituted, having for its object the subjection of one hundred and twenty acres of land in Johnson county, the legal title whereof was in the wife, to the payment of the debt aforesaid. This one hundred and twenty acres was bought by the wife with the greater portion of the proceeds of the sale of the one hundred and sixty acres of the Vernon county land, and the conveyance was made to the wife, and two hundred dollars of money arising from the sale of the Vernon county land,

as well as one hundred dollars of the wife's money, were applied in part payment of the purchase money of sixty acres of land bought at the same time from Farnsworth, who deeded the sixty acres to the husband, and took a deed of trust on the same to secure the residue of the purchase price. This transaction occurred in August, 1883, and the respective deeds were duly recorded. Upon these facts, thus briefly outlined, the court below found and gave judgment for defendant, and plaintiff appeals.

The purchase money being furnished by the husband for the purchase of the Vernon county land, and the conveyance being made to the wife at his instance, the transaction is *prima facie* an advancement, and rebuts the resulting trust that would otherwise arise in favor of him who pays the money. 1 Perry on Trusts, sec. 143 ; 2 Story Eq. Jur., sec. 1201 ; *Darrier v. Darrier*, 58 Mo. 222. The deed, then, to the wife of the Vernon county land establishes all that is necessary in her behalf, so far as that tract is concerned.

Then we come to the proceeds of the tract, afterwards invested in the tract in controversy. The effect of the first deed was to give the wife a title under the married woman's act. The sale of that tract did not give the husband any right to the proceeds of such sale or any interest therein. He had no *jus mariti* in those proceeds by reason of the operation of that act. Whenever that act operates, the rights of the husband at common law in the property of his wife, except to the limited extent preserved by sections 3295 and 3296, Revised Statutes 1879, forthwith perish. The distinction between the rights of the husband at common law, in equity and under the married woman's act, as to his wife's real and personal property, has been very frequently pointed out by this court. *Silvey v. Sumner*, 61 Mo. 253 ; *Rodgers v. Bank*, 69 Mo. 560 ; *Mueller v. Kaessman*, 84 Mo. 318 ; *Blair v. Railroad*, 89 Mo. 383 ; *Wilson v. Albert*, 89 Mo. 537.

It results from these statutory provisions and authorities, that the reception by the husband of the proceeds of his wife's land in Vernon county, and the placing them in the bank in his own name before transferring them to Farnsworth, from whom the wife had bought the one hundred and twenty acres, had not the slightest effect in conferring on the husband any interest in such proceeds. The only way that the husband could acquire any interest in such proceeds was by the method prescribed in the sections above mentioned. As it was, he was to be regarded in the same light as any stranger whom the wife might have employed to transact her business for her; and inasmuch as he could not have appropriated the funds arising from the sale of his wife's land, his creditors could not do more than he could.

Judgment affirmed.   All concur; RAY, J., absent.