CASE, Appellant, v. ESPENSCHIED et al.

|169   215
|173  ¹103

Division One, June 18, 1902.

1. **Provision for Wife:** NOTE AND DEED OF TRUST. Where the husband causes a note secured by a deed of trust to be executed in favor of his wife, without expressly reserving an interest in himself, the law will presume that he intended it as a provision for her, and he will not be deemed to have a resulting trust therein because he furnished the money for which the note was given in payment.

2. ———: ———: TRANSFER OF NOTE BY BLANK INDORSEMENT. The mere indorsement in blank by the wife of a promissory note payable to her, is not the written consent required by the statute for the transfer thereof to her husband, or for the passing of the title to a third person by him.

3. ———: ———: INNOCENT PURCHASER: ESTOPPEL: NOTICE. The indorsement in blank by the wife of a note payable to her and the possession of the note thereafter by the husband, do not clothe him

with an apparent ownership such as to estop the wife from claim-
ing title to the note as against an innocent third person to whom
the husband has sold or pledged the note, for such purchaser or
pledgee is chargeable with notice of the statute that such an in-
dorsement confers no authority upon the husband to dispose of
the note.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin
Ferris,* Judge.

Reversed and remanded.

*Lyon & Swarts* for appellant.

(1) The note and deed of trust in controversy, having
been executed in favor of the appellant by the direction of her
husband, and having been delivered and given to her by her
husband, were prima facie a gift to her from her husband,
and thereby became the separate property of the appellant.
Richardson v. Lowry, 67 Mo. 411; Schuster v. Schuster, 93
Mo. 438; Gilliland v. Gilliland, 96 Mo. 522; Thomas v.
Thomas, 107 Mo. 459; Ilgenfritz v. Ilgenfritz, 116 Mo. 429;
Curd v. Brown, 148 Mo. 82; Bank v. Simpson, 152 Mo. 638;
R. S. 1889, sec. 6869. (2) The indorsement in blank by
the appellant of the note in controversy did not constitute such
assent in writing, required by section 6869, Revised Statutes
1889, as to authorize her husband to sell, incumber or other-
wise dispose thereof for his own use and benefit, and the ap-
pellant is therefore entitled to recover the note and deed of
trust in controversy from the respondents. R. S. 1889, sec.
6869; Rodgers v. Bank, 69 Mo. 560; McGuire v. Allen, 108
Mo. 403; Hurt v. Cook, 151 Mo. 416; James v. Groff, 157
Mo. 402; Moeckel v. Heim, 46 Mo. App. 340.

*J. M. Holmes* for respondents.

There is nothing involved but a question of fact. The
facts in the case, were they open to discussion here, are so

plain that they "jump at the eyes." The attempt of the plaintiff to show that the farm was given to her by her husband as a home for herself and her children, and that such gift was evidenced, not by a conveyance of the farm, but by the delivering of a deed of trust note on it, to her order, at once indorsed and returned to him, is pitiable. Her attempt to repudiate her indorsement of the note is pathetic. The judge who tried the cause below, and who had the opportunity of seeing and hearing the witness, properly refused credit to her statements on this point. The court below made a specific finding of fact. No instructions were asked by appellant. Under the established rule of this court, this being a common-law case, there is nothing for this court to review.

MARSHALL, J.—This is an action by replevin, without bond, to recover a note for six thousand dollars, made by Benjamin F. Lockhart, on September 5, 1895, to the order of the plaintiff, and secured by a deed of trust, in her favor, upon a certain tract of land, in United States Survey 890, in St. Louis county, containing 78.22 acres.

The petition is in the usual form, and the answer is a general denial.

At the close of the case the trial court, apparently *ex mero motu,* for no request therefor by either party appears in the record, as is the necessary prerequisite to a special finding of fact under section 695, Revised Statutes 1899, made the following special finding of fact: "I find as a fact in this case, that the note in controversy was never the property of the plaintiff, and therefore find for the defendant." Thereupon, at the request of the defendant, the court decided the law to be that under the pleadings and evidence the plaintiff was not entitled to recover. From this judgment the plaintiff appealed, and now here contends that there is no evidence whatever to support the finding of fact, and further

that upon the uncontradicted evidence is the case the plaintiff is entitled to a judgment as a matter of law.

The following facts appear by the record and are uncontradicted:

First. David W. Case, the husband of the plaintiff, was largely engaged in the building business in St. Louis, owned considerable property, and prior to 1897 was supposed to be quite well off. In 1893 he caused his foreman, Benjamin F. Lockhart, to buy the property herein referred to, with money furnished by Case, and to take the title in Lockhart's name. Case then improved the property, by building a new barn, reconstructing the house, building a pond and planting fruit trees and established it as his summer home.

Second. On September 5, 1895, Case caused Lockhart to make the note, and with his wife to execute the deed of trust involved herein, and to deliver them to him.

Third. Mrs. Case testifies that her husband brought the note and deed of trust to her and gave them to her, saying he wanted to make provision for her and their children; that the indorsement of her name on the back of the note looks like her handwriting, but she has no recollection of having written it, and if she did so it must have been done at her husband's instance, as he attended to all their business, and she always signed whatever he told her to; that after keeping the note and deed of trust for two or three days, she gave them to her husband to be by him placed in his box in the Safe Doposit Company's vaults for safe-keeping, and that she supposed they were safely there, and never authorized her husband to reduce them to his possession or to use them in any way, and never knew they were not so placed or that he had used them until after his disappearance on August 27, 1898.

Fourth. On September 20, 1895, Case pledged the note and deed of trust to the Union Trust Company to secure his

note for four thousand dollars then given the trust company for a loan then made to him. The trust company knew that the payee named in the collateral note and deed of trust was the plaintiff, and that she was the wife of Case. No other or written authority was given by Mrs. Case to her husband to use the note or deed of trust for his benefit. The Union Trust Co. carried the loan, so secured, for Case, until January 20, 1897.

Fifth. On January 20, 1897, Fred F. Espenschied, as trustee for the Bircher estate, knowing that the plaintiff was the wife of Case, loaned Case five thousand dollars and took his note, secured by the note and deed of trust in controversy here, as collateral security; that is, he paid off the four thousand dollars Case owed the Union Trust Company, gave Case eight hundred and fifty dollars, and charged one hundred and fifty dollars commissions. So the matter stood when Case disappeared in 1898. Espenschied notified the plaintiff of his intention to foreclose the deed of trust. Plaintiff endeavored to obtain an extension of time so as to save something for herself and the children out of the property, which Lockhart conveyed to her after her husband disappeared. Failing in so arranging it, and being advised that she had title to the note and deed of trust, she instituted this suit to recover the note and deed of trust.

I.

The law is settled in this State that when a husband buys land with his own money, and puts the title in his wife without expressly reserving, in the deed, an interest in himself, the law will presume he intended it as a provision for his wife, and he will not be deemed to have a resulting trust therein because he furnished the money. [Richardson v. Lowry, 67 Mo. 411; Schuster v. Schuster, 93 Mo. 438; Gilliland v. Gilliland, 96 Mo. 522; Thomas v. Thomas, 107 Mo.

459; Ilgenfritz v. Ilgenfritz, 116 Mo. 429; Curd v. Brown, 148 Mo. 82; Bank v. Simpson, 152 Mo. 638.]

And the same is true where he causes a note or deed of trust to be executed in her favor, as in the case at bar.

After so making provision for her, the property, if personal, became her separate property and can not be reduced to possession by the husband or the title thereto passed to a third person by the husband, except by her written consent as provided for by section 4340, Revised Statutes 1899. The mere indorsement in blank of a promissory note payable to her by the wife, is not such written consent as is required by the statute. [McGuire v. Allen, 108 Mo. 403; Hurt v. Cook, 151 Mo. 416, reproducing and adopting the opinion of the Kansas City Court of Appeals in that case; Winn v. Riley, 151 Mo. 61; James v. Groff, 157 Mo. l. c. 421.]

It was pointedly shown in Hurt v. Cook, 151 Mo. l. c. 429, that a blank indorsement of a note payable to a married woman, does not clothe the husband with an apparent ownership so as to estop the woman from claiming title to the note as against an innocent third person to whom the husband has sold or pledged the note, for the purchaser or pledgee is charged with notice of the statute that such an indorsement confers no authority upon the husband to dispose of the note, and that nothing short of the written consent prescribed by the statute can invest the husband with such power.

In short, it is impossible to distinguish this case from the case of Hurt v. Cook, 151 Mo. 416. In fact this is a stronger case in some respects in favor of the plaintiff than was the Hurt case. In the Hurt case the wife was permitted to recover, and the same result must be reached in this case.

It is true, this is an action at law in which the trial court has found the facts in favor of the defendants. This court will treat that finding as it would the verdict of a jury. But even the verdict of a jury must have some substantial evi-

dence to support it. Here there is no evidence that even tends to support the finding of fact. On the contrary, the uncontradicted facts bring the case clearly within the rules laid down in the cases herein cited, especially Hurt v. Cook, supra.

For these reasons the judgment of the circuit court is reversed and the cause remanded to be proceeded with in accordance herewith. All concur.