THE STATE v. ASAFF G. WANA, Appellant.

Division Two, November 13, 1912.

REMARKS OF COUNSEL: Proper Objection: Manner of Saving Exception. In order to save for review alleged errors arising from improper remarks of counsel in argument to the jury, there must be an objection addressed to the court, a ruling of the court and an exception saved to such ruling. To except to the remarks of counsel is not enough. If an objection is sustained, and the situation calls for a rebuke from the court to counsel who makes the objectionable remark, such rebuke should be requested, and, if refused or deemed insufficient, an exception should be saved to the failure of the court to comply with such request.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock,* Judge.

AFFIRMED.

*John E. Bowcock* for appellant.

(1) The court erred in permitting (without rebuke), one of the attorneys for the State to produce and place upon the table in the presence of the jury an unidentified package (purporting to be the

coat worn by prosecuting witness at the time of the difficulty), and at the time he placed it there exclaiming: "Here it is we will show it to them now!"—the case having at the time been closed, demurrer to same filed and overruled, the opening argument made and while defendant's attorney was addressing the jury. (2) The evidence on the part of the State having been that defendant cut the prosecuting witness three times in the back, the coat worn by the prosecuting witness was a material and relevant fact, had it been offered at the proper stage of the proceedings, and being produced at the time it was, defendant was offered no opportunity to cross-examine on this matter and therefore this was highly prejudicial to the interest of defendant. (3) Improper remarks based upon a material matter not in evidence. The counsel for the State in his closing argument to the jury, exclaimed: "We have produced the coat and would show it to you but he [referring to the attorney for defendant] won't let us." The court not only refused to reprimand the counsel for making the remark, which of itself was fatal error, but committed a more grievous one, by declaring to the jury, that as a matter of law, that counsel was justifiable not only in the production of the unidentified package but in referring to its production in his argument. State v. Shipley, 174 Mo. 512; State v. Woolward, 111 Mo. 248; State v. Upton, 130 Mo. App. 321.

*Elliott W. Major*, Attorney-General, and *John M. Dawson*, Assistant Attorney-General, for the State.

(1) If any error was committed, it was invited by appellant's attorney; therefore, appellant cannot complain. This package, after being placed on the table in response to appellant's counsel's remark, was a frivolous matter, as it made no difference one way or the other, because appellant admitted the cutting

and claimed it was done in self-defense. State v. Guy, 69 Mo. 430. Not every random or hasty remark of the prosecuting attorney should be made ground for reversing the judgment. State v. Emery, 76 Mo. 348; State v. Hopper, 71 Mo. 433. (2) The trial court should refrain from comments on evidence, but the judgment will not be reversed for error in that regard where it does not appear that appellant was not prejudiced by the remarks of the judge. State v. Findley, 101 Mo. 217. (3) Appellant saved no exception to the court's refusal to rebuke counsel for the State. A request must be made and exception saved to the refusal of the court to rebuke transgressing counsel. State v. Phillips, 233 Mo. 307; State v. Souva, 234 Mo. 571; State v. Harvey, 214 Mo. 403; State v. Howard, 118 Mo. 127; State v. McMullen, 170 Mo. 632; State v. Kullman, 225 Mo. 632; State v. Chenault, 212 Mo. 137; State v. Murphy, 201 Mo. 691.

FERRISS, J.—Defendant was convicted of an assault, without malice, and his punishment fixed at four months in jail.

The testimony showed a street fight, during which the defendant cut the prosecuting witness with a knife. He claimed self-defense. The question was as to which one began the fight. The prosecuting witness swore that defendant made the first assault by cutting through his coat, in the back, three times. The defendant's evidence tended to prove that he was first assaulted and knocked down, and that he then, in self-defense, cut the prosecuting witness in the forehead.

Several errors are claimed in the motion for a new trial, but in this court defendant insists only upon the assignment of error in connection with the following episode, which occurred during the final arguments. As taken in full from the record, here is what transpired during the closing argument by Mr. Bowcock, attorney for defendant:

"By MR. BOWCOCK: We had the knife here in court. Where is that coat? Don't you know that if that man had been cut in the back, the State would have the coat here to show the holes? It had the power. It cannot get back of the subterfuge—like the talk about this mysterious boy. [At this point, counsel for the State placed upon the counsel table a package wrapped in paper, saying, 'Here it is.'] You can show nothing now, sir; you have closed your case; it is not before the jury, and you have no evidence on that. Where is the boy? Where is the boy, with the process of this court?"

Afterwards, during the closing argument of counsel for the State, there occurred the following:

"MR. SMITH: Now, gentlemen, he asked you, 'Where is the coat?' I am willing to produce it. If we produce the coat to you, to see, they would say that was a frame-up, no doubt.

"MR. BOWCOCK: Now, your Honor, I didn't interfere with the gentleman. He knows as well as I that after the State's case is closed, and the entire case is closed, he cannot bring anything up, and say, 'I will offer it now.'

"THE COURT: He said that, and you refused it.

"MR. BOWCOCK: I said he knows it is the law.

"THE COURT: If you wanted to see that coat—

"MR. BOWCOCK: I wanted it during the evidence; not after the case was closed.

"MR. SMITH: You don't want it now?

"MR. BOWCOCK: No, sir.

"THE COURT: That ends it.

"MR. BOWCOCK: Because it is not according to law.

"MR. SMITH: That is all right, gentlemen. He does not want the coat now. As I said before, if we offered it, then we would run the risk of incurring his charge that it was a frame-up.

245 Mo.—36

"MR. BOWCOCK: We save an exception."

The comment of Mr. Bowcock on the failure of the State to produce the coat was legitimate argument. The subsequent acts and remarks of the prosecutor were highly improper, and should have been severely rebuked by the court. Still, we cannot perceive reversible error. We must, in the interest of orderly procedure, adhere firmly to the rule that proper objections must be made to the court and exceptions saved to the court's ruling in order to entitle a party to a hearing here on alleged errors. When the prosecutor produced the bundle which he said was the coat, defendant's counsel asked no action or ruling by the court. He said nothing to the court, but contended himself with dealing directly with the prosecutor in a manner which he apparently regarded as satisfactory. There was no objection addressed to the court. Counsel simply refused the offer made by the prosecutor, and advised him that, inasmuch as the case was closed, the coat was not before the jury.

When Mr. Smith, the prosecutor, in the course of his argument, made the remark complained of, Mr. Bowcock did not ask any ruling from the court, and no ruling was made. The colloquy that ensued does not amount to a ruling on any request or objection. After this, Mr. Smith made a further remark to the jury, and the incident was closed by Mr. Bowcock saying, "We save an exception." An exception to what? Apparently to the remark of counsel. There seems to be a misapprehension on the part of counsel, in many cases that come here, as to the proper method of saving for review alleged errors arising from improper remarks of counsel in argument to the jury. In order to save the point for review, there must be an objection addressed to the court, a ruling by the court, and an exception saved to such ruling. To except to the remark of counsel is not enough. Exceptions go to the rulings of the court. If objection is made to a re-

mark of opposite counsel in his argument to the jury, and the court overrules the objection, an exception to the ruling of the court must be saved. If the objection is sustained, and the situation calls for a rebuke from the court to counsel who makes the objectionable remark, such rebuke should be requested, and, if refused or deemed insufficient, an exception should be saved to the failure of the court to comply with the request. The same course should be taken with regard to any ruling or order requested. In this case, no ruling or order by the court was requested; none was made by the court, and there was no exception to the action or nonaction of the court. Apparently, counsel was satisfied with the attitude and remarks of the court. The only exception was directly to the remark of counsel; but this, as we have shown, cannot avail.

In the motion for new trial it is stated that the court was requested to reprimand counsel, and to instruct the jury not to consider the offer to produce the coat. It is also stated that the court, of its own motion, told the jury that counsel for the State had a right to call attention to the fact that the coat was there. We find nothing in the record to bear out these statements. All that appears in the record on this point appears in the excerpt set out above.

The verdict of the jury, finding assault without malice, indicates that they were not influenced by the matters complained of, and consequently the rights of defendant were not prejudiced.

Finding no reversible error, the judgment is affirmed.

*Brown, P. J.,* and *Kennish, J.,* concur.