## STATE OF MISSOURI, Respondent, v. TOBE REYNOLDS, Appellant.

Springfield Court of Appeals, April 14, 1915.

1. **INTOXICATING LIQUORS: Sale of: Local Option Territory: Evidence.** In a prosecution for selling intoxicating liquors in local option territory evidence considered sufficient to establish sales and warrant conviction of defendant.

2. **CRIMINAL LAW: Evidence: Ruling On: Saving Objections.** Where defendant testified in his own behalf and an objection was made to the cross-examination but no ruling was made on the objection nor exception taken, the appellate court will not pass on the propriety or impropriety of the cross-examination.

3. ————: **Witnesses: Endorsing Names on Information: When Not Essential.** It is not error for the court to permit witnesses

to testify whose names are not endorsed on the information where no deception was practiced by the prosecuting attorney.

Appeal from Ozark County Circuit Court.—*Hon. John T. Moore,* Judge.

AFFIRMED.

*G. W. Boone* for respondent.

*Sizemore & Smith* for appellant.

ROBERTSON, P. J.—Defendant was convicted of violating the Local Option Law by selling whiskey and has appealed. We have not been favored with any brief or argument by either side.

The method of operation employed by defendant, who it seems was conducting a restaurant in Bakersfield, Ozark county, was to leave the intoxicants at some convenient place for the purchaser who would secure it and leave the money, the defendant feigning to be ignorant of the transaction, and relying on the defense that it could not be proven that he got the money. Purchasers who testified stated that they frequently obtained whiskey in this manner, putting the money down somewhere in the house, having previously, it seems, negotiated with defendant therefor and told him that he wouldn't lose anything. Some of the witnesses testified that when they would lay the money down they would knock with it on the counter to inform the defendant where they left it, but they were unable to say that the defendant ever got the money. One witness testified that he got his whiskey with purchases of other goods. It was thrown in, as he expressed it. Another witness testified that it seemed that the defendant made it handy for his back to be turned at the time the whiskey was obtained and the money left. Upon these facts to say that a sale did not take place would be

to put a construction upon his conduct that is not justified. The conclusion is irresistible that the defendant did get the purchase price of the whiskey which was left in his place of business conveniently for him at or near the place where the whiskey was and that a supply was kept ·there. All of the witnesses testified that the money was left for the purpose of paying for the intoxicants. Unquestionably sales were made.

The defendant was a witness in his own behalf. An objection was interposed to his cross-examination because it was said that it pertained to facts not brought out in the examination in chief. No ruling was made therein nor objection made or exception taken. This, therefore, is not before us for consideration. [State v. Wana, 245 Mo. 558, 563, 150 S. W. 1065.]

It was charged that the court committed error in permitting witnesses to testify whose names were not endorsed on the information. In the absence, as here, of deception by the prosecuting attorney this was not error. [State v. Rasco, 239 Mo. 535, 553, 144 S. W. 449.]

The judgment is affirmed. *Sturgis* and *Farrington, JJ.,* concur.