## CLARENCE CRAIG, Appellant, v. MINERS BANK OF JOPLIN, Respondent.

**Springfield Court of Appeals, May 19, 1915.**

1. **APPEAL AND ERROR: Saving Exceptions: Failure of Court to Pass On Admissibility of Evidence.** Where the court neglects or refuses to pass on an objection to the introduction of cer-tain evidence, or postpones ruling thereon, the objecting party should specifically request a decision and enter his exception to the refusal or neglect in order to present the question on appeal.

2. **HUSBAND AND WIFE: Wife's Separate Property.** A husband cannot reduce to his possession the wife's choses in action without her express consent. (Sec. 8309, R. S. 1909.)

3. ———: Wife's Property: Possession by Husband: Trust Fund. A wife's property in possession of her husband, without formal transfer, remains a fund in trust for her.

4. BANKS AND BANKING: Checks: Payment: Authority. Funds of plaintiff's wife were deposited in defendant bank under an arrangement that either the husband or the wife could check thereon. The wife gave her consent to the bank that a check drawn by the husband's father on such fund might be paid by the bank. Her action was binding on the husband and the bank is not liable for paying same.

5. ———: Bank Deposit: Real Ownership: Evidence. Funds of a wife were deposited in a bank by her husband in his own name. It was proper to allow the question of the real ownership of the deposit to be inquired into.

Appeal from Jasper County Circuit Court, Division Number Two.—*Hon. D. E. Blair,* Judge.

AFFIRMED.

*R. M. Sheppard* for appellant.

(1) The court committed error in refusing to rule upon the evidence and its admissibility and competency at the time the same was offered. Smoot v. Bankers Life Association, 138 Mo. App. 460. (2) Under the evidence in this case the judgment should have been for the plaintiff. Plaintiff's wife's authority relative to his bank account was fixed by the signature card which was retained by the defendant bank. This card authorized the bank to pay checks upon the signature of Clarence Craig by Mrs. Clarence Craig. This was the full extent and scope of authority of the wife of the plaintiff, and this was well known to the bank. Where authority is given to a person to execute a negotiable instrument the authority is always strictly construed and cannot be extended beyond the authority granted. 1 Mechem on Agency (2 Ed.), secs. 973-974; Clark and Skyles on Agency, secs. 266-267; Bank v. Mining Co., 35 Am. St. 458; Craighead v. Peterson, 28 Am. St. 150; 31 Cyc. 1385; 1 Morse on Banks and Bank-

ing, sec. 389; Tate v. Evans, 7 Mo. 420; Dixon v. Bank, 149 Mo. App. 585; Bank v. Schaunberg, 38 Mo. 141; Bank v. Gay, 63 Mo. 33.

*Haywood Scott* for respondent.

(1) Appellant's wife had as much right as appellant to tell respondent bank to pay the $300 check out of the account in which she was interested, at least to the extent of the payment she authorized. The mere blank endorsement by the wife of the $5000 check given her by her father November 3, 1913, and delivered to appellant and deposited by him in his own name in the bank account on which both drew, did not constitute a sufficient written assent within the meaning of the statute which provides that the husband can reduce the wife's personalty to his possession and ownership only by procuring her written assent thereto. The $5000, therefore, remained the personal property of appellant's wife in the bank account carried in appellant's name mingled with the funds of appellant. McGuire v. Allen, 108 Mo. 403; Hurt v. Cook, 151 Mo. 416; Winn v. Riley, 151 Mo. 66-67; Case v. Espenschied, 169 Mo. 220; Grocery Co. v. Ballenger, 137 Mo. 375; James v. Groff, 157 Mo. 421; State ex rel. v. Jones, 83 Mo. App. 151; Simes v. Kleeburg, 56 Mo. 200. (2) A husband cannot acquire the wife's separate statutory personalty by her parol gift. McGuire v. Allen, 108 Mo. 403. (3) Verbal order. A check is not necessary to the transfer of a deposit or any portion thereof since that may be effected by an oral order of a depositor. Whitsett v. Bank, 138 Mo. App. 81. (4) A bank deposit in the name of the husband may be shown to belong in whole or in part to his wife in a suit by either the husband or wife against the bank. The fact that money is deposited in a bank in the individual credit of the depositor shows, prima-facie, that it belonged to him but not conclusively so and where a husband makes a deposit

of his wife's money to his individual credit, it does not change her title to it and either of the parties in a suit may show to whom the deposit, either in whole or in part, really belonged. Savings Bank v. Anderson, 32 So. 716. (5) Even if the trial court committed error in reserving until the close of the evidence his ruling upon the admissibility of certain testimony, in a case which was being tried before the court without a jury, such error is not reversible even if the court never announced any ruling on such testimony at any time, unless the objecting party makes objection to the refusal of the court to pass on the admissibility of the testimony when offered and excepts to the action of the court in reserving its ruling until the close of the evidence. As in the case at bar no such error was committed and no such objection or exceptions were made or saved, appellant's complaint on that point is without merit. Smoot v. Bankers Life Association, 138 Mo. App. 469.

ROBERTSON, P. J.—Plaintiff prosecutes this case to recover $300 from defendant on account of a check of plaintiff's father drawn for that amount on defendant to a firm of doctors at Excelsior Springs and paid out of the plaintiff's account with said bank. The facts are that the father's check was drawn a considerable time before but was dated September 1, 1914. The father was then at Excelsior Springs with his wife the plaintiff's mother, who was an invalid. On September 1, 1914, the check was presented to the First National Bank at Excelsior Springs by one of the payees named in the check who requested that a telegram be sent to the defendant bank inquiring if it would honor the check. The Excelsior Springs Bank accordingly telegraphed to the defendant bank and when it was received the officers of defendant, having theretofore been instructed to pay out of defendant's account any draft of his father on him, and having paid

one for $50 and knowing the condition of plaintiff's mother, the father having only a little over $8 in his account, sought to get into communication with the plaintiff but learned that he had left for Kansas City on his way to where his mother had died. Failing to get into communication with the plaintiff, and no doubt being anxious on account of the unfortunate situation of the plaintiff and his father and not desiring to embarrass them in any way at this particular time by refusing payment on any check, the officers of defendant got into communication by telephone with the plaintiff's wife in Joplin. She was asked if a check for $300 drawn by plaintiff's father payable to said firm should be paid out of plaintiff's account and she informed the bank that it should. Thereupon the defendant bank telegraphed to the First National Bank at Excelsior Springs that the check should be paid. The Excelsior Springs Bank then paid the check and in due course on that day, September 1, 1914, mailed it for collection. On the morning of the next day plaintiff and his wife appeared at the defendant's bank about nine o'clock and told defendant's cashier that he wanted payment on this check stopped and wanted a telegram sent to that effect. The cashier sent the telegram but received an answer thereto that the check had been paid the day before. The parties admitted at the trial that about a year prior to the payment of this check by the bank the father of the plaintiff's wife had given her a check for $5000 which was deposited, without more than her name endorsed thereon, in the defendant bank in the name of the plaintiff and the testimony tends to prove that sufficient of this fund remained in the bank to cover the check of plaintiff's father. On February 12, 1913, the defendant bank was given an "authorized signature" card as follows: "Clarence Craig by Mrs. Clarence Craig" and it seems both of them thereafter checked on the account, plaintiff in his own name and she as indicated on said card.

A jury trial was waived and at the close of the testimony the court was requested by plaintiff to declare the law to be that if plaintiff's wife, in her conversation with the bank officers, was not acting for her husband but on her own account that then all declarations and statements made by her should be excluded and not considered. This was refused.

The court at the request of the plaintiff declared in substance the law to be that if plaintiff's account was treated as his individual account and his wife had never drawn upon said account, except as his agent, and that the officers of defendant conferred with her about this check as such and she in authorizing its payment was acting as plaintiff's agent, and the defendant so understood, then the judgment should be for the plaintiff.

The court found for the defendant, rendered judgment accordingly and the plaintiff has appealed.

It is first insisted by the plaintiff that the trial court committed error in refusing to pass on plaintiff's objection to the introduction of certain testimony. The record does not specifically present that exact point. When the plaintiff objected the trial court did pass on it but stated that it should be considered later on. The plaintiff excepted, evidently to the action of the court in admitting the testimony, and we discover no error in its admission. If it may be said the court did not at any particular place pass upon an objection the plaintiff should have specifically requested a decision and saved an exception if the court refused to act. [State v. Wana, 245 Mo. 558, 563, 150 S. W. 1065; Smoot v. Bankers Life Insurance Co., 138 Mo. App. 438, 469, 120 S. W. 719.]

The court properly refused the declaration requested by plaintiff because it ignores the interest of plaintiff's wife in the deposit in the defendant bank in his name, a material fact as will be discussed later herein. It has been the law in this State since the origi-

nal enactment of what is now section 8309, Revised
Statutes 1909, that the husband cannot reduce to his
possession the wife's choses in action without her ex-
press written assent. [McGuire v. Allen, 108 Mo. 403,
18 S. W. 282; Hurt v. Cook, 151 Mo. 416, 52 S. W. 396;
Case v. Espenschied, 169 Mo. 215, 69 S. W. 276.]

Neither can the husband acquire title to the wife's
personal property by gift or user; the wife's property
in the possession of the husband without the formal
transfer as required by the statute remains a fund in
trust for her. [Winn v. Riley, 151 Mo. 66, 52 S. W.
27; Alkire Grocer Co. v. Ballenger, 137 Mo. 369, 375,
38 S. W. 911.]

The trial court was authorized to consider and de-
termine the question of the true ownership of this de-
posit and was not confined to the hypothetical question
incorporated in plaintiff's second refused instruction.
If the bank account was made up of the wife's money
then defendant should not, as a matter of equity be
held liable to plaintiff for paying an amount out of his
account on his wife's order. Even if the wife was not
undertaking to act as plaintiff's agent in authorizing
the bank to pay the check, yet she may have been as-
suming to speak as an owner of an interest therein with
the knowledge and consent of her husband, in which
event the question of agency, as her conduct was sought
to be confined to in the second refused declaration of
law, was not involved. It then became a question of
whether the husband had authorized a transfer of so
much of this fund to her and thereby foreclosed his
right to hold defendant to a strict accountability as a
creditor because of the manner in which the account
was entered. [Whitsett v. Peoples National Bank, 138
Mo. App. 81, 90, 119 S. W. 999.] Plaintiff and his
wife knew for a long time before this check was pre-
sented that it was outstanding and when they appeared
at the bank to stop payment one inference justified
therefrom is that they impliedly recognized the right

of the bank to authorize payment as the result of the talk with the wife. She could authorize this, to say the least, with plaintiff's consent or recognition of her interest in the deposit, thus defeating plaintiff's right of recovery.

No error was committed by the trial court in refusing the declaration of law requested by the plaintiff. The judgment of the trial court is so manifestly right that it should be and is affirmed.

*Farrington, J.,* concurs; *Sturgis, J.,* dissents.