CONQUEROR TRUST COMPANY, Plaintiff, v. CLAR-
ENCE CRAIG, Administrator of the Estate of
KATE COLLINS, Deceased, and L. C. WORMING-
TON, Administrator of Estate of JOHN COLLINS,
Deceased, Appellants; NIN COLLINS, (Interpleader)
Respondent.

Springfield Court of Appeals, February 28, 1920.

1. **BANKS AND BANKING:** Deposit Payable to Either of Two Per-
sons Belongs to Survivor. Under the direct provisions of Laws
1915, p. 190, sec. 168, where a person deposits money belonging
to him in a bank, taking a certificate of deposit payable to him-
self or another, and subsequently dies, the fund belongs to the
other person named in the certificate.

2. **EXECUTORS AND ADMINISTRATORS:** Title to Personalty
Vests in Local Administrator. Title to personalty vests in the
domestic administrator, where the owner was a non-resident at
the time of his death.

3. **BANKS AND BANKING:** Husband Cannot Withdraw Sum Be-
longing to Wife After Her Death. Under Revised Statutes 1909,
section 8309, providing that husband cannot reduce his wife's
personalty to possession without her express written consent, a
husband cannot withdraw a bank deposit belonging to his wife
after her death, although presenting a certificate of deposit duly
indorsed by her.

4. **TRUSTS:** Bank Deposit by Husband in Wife's Name Not a Re-
sulting Trust. The presumption that a husband's payment to his
wife is a gift, instead of a trust, with evidence that a husband
deposited money in the wife's name, taking certificates of de-
posit, which were delivered to her, that the wife was in poor
health, that there was no necessity for placing the money in her
name, so far as the husband's creditors were concerned, etc.,
*held* to establish that the money belonged to the wife, with no
resulting trust for the husband's benefit.

Appeal from Jasper County Circuit Court.—*Hon. J. D.
Perkins*, Judge.

REVERSED AND REMANDED, (*with directions*).

*Fred A. Walker, Chas. Stephens, Paul MacCaskill* and *R. M. Sheppard* for appellants.

*Norman A. Cox* and *F. W. Boss* for respondent.

FARRINGTON, J.—This is a proceeding begun by the Conqueror Trust Company filing a petition requiring certain parties to interplead for a sum of money alleged to have been deposited with it on February 6, 1917, by one John Collins, now deceased; further alleging that the deposit was a certificate of deposit not subject to check, and that it was in the sum of $5002.10, payable to the order of John Collins or Nin Collins on the return of the certificate properly indorsed, one year after date, with interest at the rate of 4% per annum, the certificate being duly signed by the treasurer of the trust company. The petition further alleged that Nin Collins claimed to be the owner of the fund, and that L. C. Wormington, Administrator of the estate of John Collins, deceased, was claiming the fund; and further, prayed that it be permitted to pay the money into court and be discharged. An interplea and intervening petition was filed by Clarence Craig, Administrator of the estate of Kate Collins, deceased, in which it was set up that this fund belonged to Kate Collins at the time of her death and was, therefore. an asset of her estate; further alleging that Craig had been appointed by the probate court of Jasper county as administrator of the estate of Kate Collins; that she died on the 8th day of December, 1915, and that her residence was in Scammon, Cherokee County, Kansas, at the date of her death. Wormington, the Administrator of the estate of John Collins, was appointed by the probate court of Jasper county, and claimed that the fund was the property of John Collins when he died. Nin Collins claimed the fund by reason of the fact that the certificate was made payable to her father and herself, which, under the Missouri Session Acts, 1915, Sec. 168, page 191, became absolutely hers on the death of her father, and she also claims that the fund was given to her by her father

before he died. The court found for the intervening petitioner, Nin Collins, and found against Clarence Craig, Administrator of the estate of Kate Collins, deceased, and against L. C. Wormington, Administrator of the estate of John Collins, deceased. No appeal was taken by the latter administrator. The question, therefore, at issue is between the administrator of the estate of Kate Collins, deceased, the wife of John Collins, deceased, and Nin Collins, their daughter, the respondent.

It appears from the evidence that this family, consisting of John Collins and his wife Kate Collins, their daughter Mary (now Mrs. Commiskey), Kate (now Mrs. Hisle), Frances (now Mrs. Leek), Nora Collins (Nin). Anna Collins and Flora Collins, lived at Scammon, Kansas; the father, John Collins, being a miner, also ran a hotel and held some public offices. Three of the daughters married and moved away and three of them remained at home and assisted the mother, Kate Collins, in running the hotel. The evidence clearly shows that the interpleader, Nin Collins, was the leading spirit among the girls and was the active female member of the family in keeping the house going. Her mother, Kate Collins, was in poor health for a number of years before she died.

It is admitted in the case that on December 8, 1915, the date of the death of Kate Collins, there as on deposit in the Conqueror Trust Company at Joplin, Mo., in her name the sum of $4809.72, and that on January 27, 1916, the money which was deposited in the name of Kate Collins was transferred to the name of John Collins, husband of Kate Collins, and a certificate of deposit issued to him for the money together with the accumulated interest thereon. It is agreed that there had ben no ad-administration taken out for the estate of Kate Collins in the State of Kansas or in the State of Missouri, until the appointment of Clarence Craig, and that L. C. Wormington was the only administrator appointed for the estate of John Collins in the State of Missouri. That Nin Collins, Flora Collins and Anna Collins deny that he

(Wormington) as legally appointed as administrator of said estate. It is agreed that Flora Collins was duly apointed and qualified as administratrix of the estate of John Collins in Cherokee County, Kansas, the place of his domicile at the time of his death. It is admitted that Kate Collins, at the time of her death, was a resident of Cherokee County, Kansas, and that at the time of the deaths of John Collins and Kate Collins neither of them had any property in the State of Missouri except such interest as they might have in the fund here in litigation.

It was shown by the evidence that the Conqueror Trust Company issued a certificate of deposit, dated Feb. 27, 1913, made payable to Mrs. Kate Collins, for the sum of $2030.10, bearing 4% interest. It was admitted that the name of Kate Collins which apeared on the back of that certificate is the signature of Kate Collins, deceased, and that the certificate was surrendered to the company on February 27, 1914, by John Collins, her husband, on which date a new certificate was issued payable to Mrs. Kate Collins for $4015.10, with interest from date at 4%, and that the name of Kate Collins, indorsed on the back of that certificate, was the signature of Kate Collins, deceased; and that this certificate certified that the money was deposied by her and payable to herself or order. It is agreed that that certificate was surrendered to the Trust Company on February 26, 1915, and a new certificate issued in lieu thereof for $4809.72, which certificate certified that Kate Collins had deposited this sum, and that in the body of the certificate it read, payable to the order of herself, and it is agreed that it was this certificate which was surrendered by John Collins after the death of Kate Collins, and for which was received the certificate issued to John Collins. It being admitted that Kate Collins died before the last certificate, payable to her order, was due and before it was surrendered to the Trust Company. A signature card, for the purpose of identifying the signature of Kate Collins, was introduced in evidence; also one for Nin Collins. It was also agreed that all of the deposits were physically made and

the certificates presented when due for payment by John Collins. The evidence is also convincing that these deposits from time to time by John Collins was money which he had earned and saved. There is a failure of evidence showing that it was the money of Kate Collins, of a separate estate independent of gifts from him, which had been given to him by his wife to deposit for her.

In disposing of the question before us, we hold with the trial court that if the last certificate issued, payable to John Collins and Nin Collins, was a sum of money over which John Collins had the absolute control at the time he caused the certificate to be thus issued, then on his death the fund belonged to Nin Collins. Under the Missouri Session Acts of 1915, Sec. 168, page 191, it would become hers, and in addition to this there was sufficient evidence from which it would be held that he actually delivered the certificate of deposit to Nin Collins or to another of his daughters for Nin Collins prior to his death. But, going this far, fails to determine the issue raised by Craig, the Administrator of Kate Collins, deceased. If this fund which was on deposit in the Trust Company in the name of and payable to the order of Kate Collins at the time of her death belonged to her estate, then all subsequent acts between John Collins and his daughter Nin Collins could not affect the ownership of that fund at the time of the death of Kate Collins, and such acts would not avail against the rights of the Administrator of the estate of Kate Collins who is now asserting a claim to it. If this fund belonged to Kate Collins during her life, while it was deposited in her name and payable to her order during her life and up to the time of her death, then it could not have become the property of John Collins, her husband, by any act that was shown to have been done by her. She merely indorsed her name on the back of the certificates and he took them to the bank and exchanged them for new ones. Section 8309, Revised Statutes 1909, provides that the husband cannot reduce to his possession his wife's personal prop-

erty and choses in action without her express written assent. [See Craig v. Miners' Bank of Joplin, 189 Mo. App. 389, 176 S. W., 433. See also McGuire v. Allen, 18 S. W. 282. Hurt v. Cook, 52 S. W. 396.]

It is also well settled that title to personalty, at the death of the owner, vests in the administrator, and that the administrator appointed in this State is the party in whom the title vests, where the owner was a non-resident at the time of the death. [See Crohn v. Clay County State Bank, by the Kansas City Court of Appeals, 137 Mo. App. 712, 118 S. W. 498.]

With these well known principles of law in mind, there remains but one question for this court to determine, and that is, did this fund belong to Kate Collins on the date of her death, December 8, 1915? If it did, then that fund belonged to the administrator appointed for her estate in the state of Missouri, who, in this case is the administrator Clarence Craig. The trial court evidently found that it did not belong to Kate Collins, and with this finding we are unable to agree, and this because of the exception which exists in the law concerning the creation of a resulting trust, and the presumption that exists as to transfers made from husband to wife. It must be borne in mind that at the time John Collins deposited this money in the name and payable to the order of his wife, he owed her the duty of providing for her, and under the evidence she had no property of her own and was in delicate health.

The rule stated in 39 Cyc., 135, is as follows: "As a general rule where a person purchased property with his funds, and has the title conveyed to one for whom he is under a legal or moral obligation to provide, such as a member of his family, the presumption is that the property is intended as a gift or advancement to the nominal purchaser and no trust results in favor of the person paying. Such presumption, however, is one of fact and not of law and may be rebutted by evidence or circumstances to the contrary."

On page 136 (same book) it is announced: "The rule relative to a resulting trust in favor of the person paying the purchase money for property conveyed to another does not apply where the conveyance is made to the wife of the person paying the money; but, in such a case, it will be presumed, in the absence of circumstances showing a contrary intent, that the conveyance was intended as a gift, settlement, or advancement to the wife, and not as a resulting trust to the husband."

The same rule is announced and discussed in Perry on Trusts and Trustees (6 Ed.), vol. 1, secs. 143 to 146, inc. In Section 147 (same book) it is held that whether a purchase in the name of the wife is an advancement or not is a question of pure intention, though presumed in the first instance to be a provision and settlement, and that, therefore, any antecedent or contemporaneous acts or facts may be received to determine the intention; and further holds that declarations made after the purchase are incompetent to control the effect of the prior transaction.

In the case at bar, while there is sufficient evidence of declarations and acts of John Collins, long after this money had been deposited in the name of his wife, to show that he was treating it as his own, we are unable to find any evidence in the record of any declaration or act of his during all of the time that this money was in the name of and payable to the order of his wife, prior to the time of her death, that would rebut the presumption raised thereby that it was hers or intended to be hers, and that she, his wife, was merely holding it as a trustee for him. He deposited the money in the bank in her name, and fixed it there so that it had to be paid out on her order. His subsequent acts, prior to her death, indicated as well that he was treating it as her own because upon each certificate that he surrendered, before doing to he also procured her signature of indorsement thereon. There was no showing in the case, whatever, that he had any motive so far as evasion of creditors or debts were concerned to keep his money in the name

of someone else. This question is discussed in Pomeroy on Equity Jurisprudence, Vol. 3, section 1040.

In the case of Gilliiland v. Gilliland, 96 Mo. 522, 10 S. W. 139, it is held that where land is paid for by the husband's funds, at his instance, and conveyed to his wife, the transaction constitutes prima facie an advancement, and rebuts the resulting trust that would otherwise arise. And the Supreme Court, in the case of Curd v. Brown, 148 Mo. 1. c. 92, 49 S. W. 990, declares that where a husband purchases land and has it conveyed to his wife, and there is no intimation in the deed that it was intended to be held in trust for him, the prima-facie presumption is that he intended it as a provision for his wife. The court used the following language: "If, however, it was the intention of the pleader, as it is, in this court, contended by him, to claim under an implied or resulting trust, then the rule, established by a long line of decisions of this court is, *that the evidence of such trust must be clear, strong, unequivocal and so definite and positive as to leave no room for doubt in the mind of the chancellor.*" (italics ours). [See, also Schuster v. Schuster, 93 Mo. 438, 6 S. W. 259.]

In this case, the husband, on the face of the certificate, gave this money to his wife, and under the contract with the Trust Company it was necessary, before the money could be drawn, that the wife must indorse the certificate. He, therefore, on the face of the transaction parted with the control of the fund, and he must have at some time, delivered the certificates to his wife after they were made by the bank, because at some time after they were issued by the Trust Company and before they were surrendered to it, she indorsed her name on the back thereof, evidencing a delivery to her. The evidence of the delivery of the fund to the payee therein, coupled with the presumption that a payment by a husband to a wife is a gift rather than a trust, the case made vested the title absolutely in Kate Collins, and there is an utter dearth of evidence of any act or declaration on the part

204 M. A.—42

of John Collins which would indicate that he was not making a settlement, or a provision, or a gift to his dependent wife who was in delicate health.

If the rule laid down in the case of Curd v. Brown, 148 Mo. 1. c. 92, 49 S. W. 990, that evidence to rebut the presumption of such gifts must be clear, strong, unequivocal and so definite and positive as to leave no room for doubt, is the law, then the interpleader, Nin Collins, has failed to carry the burden placed upon her, she necessarily taking through her father, John Collins.

The case of Harris Banking Co. v. Miller, 190 Mo. 640, 89 S. W. 629, in discussing the question of a gift *inter vivos* is distinguishable from our case in this, that there the certificate of deposit was made out to the alleged donor—his act of assigning or giving was in the indorsement which he made on the back of the certificate, and having never delivered that certificate unconditionally to the donee, there was a failure of the elements necessary to make a gift *inter vivos*. His act there did not place the control of the fund, so far as the bank was concerned, out of him, as did the transaction between the Conqueror Trust Company and John Collins when he contracted with the Company that the fund could only be paid to and on the order of Kate Collins. The admitted facts as to the delivery in the case of Harris Banking Co. v. Miller, at most, showed a conditional delivery, while in the case before us the evidence is merely that a delivery must have taken place to Kate Collins when she had possession of the certificates at the time she indorsed them.

We must, therefore, hold that the court erred in rendering judgment for the interpleader, Nin Collins. The judgment is, therefore, reversed and the cause remanded to the circuit court with directions to enter judgment for the interpleader Clarence Craig, Administrator of the estate of Kate Collins, deceased.

*Sturgis, P. J.*, and *Bradley, J.*, concur.