M. C. COSTELLO, Respondent, v. LOUIS BRUNE, Administrator of the Estate of CELIA COSTELLO, Appellant.*

In the Springfield Court of Appeals, May 13, 1925.

1. **EXECUTORS AND ADMINISTRATORS:** Evidence Held to Sustain Claim of Husband Against Deceased Wife's Estate That Payment of Taxes and Insurance Out of His Funds Was Not Voluntary. In claim by husband against deceased wife's estate, evidence that claimant, while acting as administrator of the estate, asked probate judge what he should do before going on a trip, and was advised to pay any bills against the property of the estate, and proceeded to pay taxes and insurance out of his own money, *held*, to sustain allowance of such items by trial court, as being payments made not voluntarily, but with the expectation of being reimbursed.

2. ———: Evidence Held Not to Sustain Allowance of Husband's Claim Against Estate of Deceased Wife. In claim by husband against deceased wife's estate for moneys paid by claimant as alleged debts of deceased, where evidence showed that moneys of both parties were intermingled and handled as a common fund. and all bills of both parties paid out of such fund, *held*, that claimant cannot recover therefor, as there is no way to determine how much of any bill paid by claimant was paid from his money and how much from wife's money.

3. **HUSBAND AND WIFE:** Trusts: Transaction Presumed Gift to Wife: No Trust in Favor of Husband Buying Land With Own Money and Making Deed to Wife, Unless Proof Shows Such Intention. When husband purchases land with his own money, and has deed made to his wife, or when money is paid to or for wife by husband, presumption is that he intended it as provision for wife, and in absence of proof showing different intention, no trust results in his favor, and he cannot recover back money so paid.

4. ———: Burden on Husband to Rebut Presumption That Money Paid to or For Wife is For Her Benefit. The presumption that, when money is paid to or for wife by husband, he intended it as provision for her, is a rebuttable one, but burden of proof is on

Costello v. Brune.

husband to show state of facts rebutting it before he can recover such money.

---

*Headnotes 1. Executors and Administrators, 24 C. J., Section 1122; 2. Executors and Administrators, 24 C. J., Section 1122: 3. Husband and Wife, 30 C. J., Section 298; 4. Husband and Wife, 30 C. J., Section 299.

Appeal from the Circuit Court of Greene County.—*Hon. Orin Patterson*, Judge.

AFFIRMED (*on condition*).

*Hamlin & Hamlin*, of Springfield, for appellant.

The evidence wholly failed to show where the plaintiff paid any sum whatsoever with his money on a bill charged to his wife, Celia, at her request. All payments made by him were voluntary, that being true he cannot recover. It is a familiar principle that the courts cannot entertain the complaint of a person to recover back money voluntarily paid with full knowledge of all the facts, and without any fraud having been practiced upon him. Teasdale v. Stoller, 133 Mo. 645, 651; State ex rel. v. Stonestreet, 92 Mo. App. 214; Pritchard v. Peoples Bank of Holcomb, 198 Mo. App. 597. The money paid for taxes cannot be recovered, because first, at the time of the payment Mrs. Costello was dead, when she died her liability ceased, the fee-simple title being at that time in the children, her estate would not be liable for same, and money paid for another except upon previous request, express or implied, or subsequent assent and ratification cannot be recovered. Napton v. Leaton, 71 Mo. 358, 369-370; Allen, Administrator, v. Richmond College, 41 Mo. 302; Claughlin v. McDonough, 33 Mo. 415-16. All of the items sued for were not liabilities of Mrs. Costello, and her estate could not be charged with them unless she requested the plaintiff to pay same or assented to and gave her sanction to the payment of same, after pay-

ment had been made. Allen's Administrator v. Richmond College, supra; Trippensee v. Braun, 104 Mo. App. 628. This case should be reversed.

COX, P. J.—The respondent in this case filed a claim in the probate court against the estate of Celia Costello consisting of the following items:

To payment on sewer bill .............. $ 50.00
To payment of City Taxes, 1918 ...... 10.11
To payment on County Taxes, 1918 .... 16.69
To payment on insurance .............. 12.03

$88.83

Also on special curbing tax bill paid on Lot 84 Ozark Land Company's Second Add. ................................ $137.23

$226.06

On trial the claim was allowed in full. An appeal was taken by the administrator to the circuit court where the claimant was again successful and the administrator appealed to this court.

The claimant was the husband of the deceased at her death and his contention is that the sums of money making up the items of this action were debts of the deceased and were paid by him out of his own funds. The only question to be determined by us on this appeal is whether the evidence will sustain the judgment.

We find that when his wife died, the claimant was appointed administrator of her estate and served a short time in that capacity. While acting as administrator he was expecting to go away for a time and before going asked the probate judge what he should do before he went away and the judge told him that if there were any bills against the property to square them up. Acting on that suggestion he paid the taxes and insurance out of his own money. We think his conversation with the probate judge furnished a sufficient basis to sustain a finding that

the items of taxes and insurance paid by the claimant were not voluntary payments but were made with the expectation that he would be reimbursed. As to these items we think the evidence supports the finding of the trial court.

As to the other items of the account, to-wit, payment on sewer bill of $50; a curbing tax bill of $137.23, we do not think the evidence sufficient to sustain a finding for claimant. The evidence on part of respondent and appellant taken altogether tended to show that these two items were paid by the claimant, M. C. Costello, but does not show that the payments were made from his own funds. The strongest evidence in favor of claimant is the fact that he, in person, in the absence of his wife, handed the money to the holder of the tax bills to be created thereon. Along with this, however, we also find the following state of facts. Mr. Costello and his wife each had separate incomes. He drew a pension of $57 each quarter and collected rents on two houses amounting to $20 per month. His wife collected rent on one house amounting to $8.50 per month and at times kept one or two boarders from whom she received pay for board. It was further shown that Mrs. Costello handled all the money. When Mr. Costello received money he turned it over to her and when bills were to be paid she would hand him the money and direct him to pay the bills. From these facts there is but one conclusion to be drawn and that is that the monies of both these parties were intermingled together and handled as a common fund and all bills and the obligations of both parties paid out of that fund. That being true, there is no way to determine how much of any bill paid by Mr. Costello was paid out of his money and how much was paid from money belonging to his wife. The fact that business was transacted in that way would also negative the conclusion that either party ever expected the other to repay any part of the money so expended. The deceased owned a life estate in the property on which

the buildings insured were located and against which the special tax bills were levied.

As life tenant she would be liable for the general taxes on the property and if she had the buildings insured, which the evidence, though very meager, tends to show, she would be liable for that item. The tax bills for $50 and $137.23 were for a sewer and concrete curbing. These would appear to be permanent improvements, or at least improvements which in all probability would last beyond the life of the life tenant, but whether or not the life tenant would, alone, be liable for these, or would be required, in the first instance, to pay these bills and then look to the remaindermen for contribution, we need not decide for the reason that the proof fails to show that plaintiff paid these bills from his own money and under such circumstances as to justify a finding that he at the time expected it to be repaid to him. It is well settled in this State that when a husband purchases land with his own money and has the deed made to his wife, the presumption is that he intended it as a provision for her and in the absence of proof showing a different intention at the time, no trust results in his favor and he cannot recover back the money so paid. [Curd v. Brown, 148 Mo. 82, 49 S. W. 990; Wilhite v. Wilhite, 284 Mo. 387, 396, 224 S. W. 448; Wimbush v. Danford, 292 Mo. 588, 608, 238 S. W. 460.]

The same presumption obtains when money is paid to or for the wife by the husband. [Conqueror Trust Co. v. Craig, 204 Mo. App. 650, 218 S. W. 972.]

The presumption above alluded to is a rebuttable one but the burden of proof is on the husband to show a state of facts which will rebut that presumption before he can recover money paid for his wife's benefit. If the respondent in this case had proven that the money paid on the tax bills was all his own money instead of its being paid out of a common fund belonging partly to him and partly to his wife, the presumption referred to would, in

the absence of any further testimony, prevent his recov-
ery.

The only items in this section which the evidence will
support as a legal claim against the estate of the de-
ceased are the items for city and county taxes and in-
surance amounting in all to $38.83.

If respondent will, within ten days remit the sum of
$187.23 the judgment will be affirmed for the balance of
$38.83; otherwise the judgment will be reversed and the
cause remanded. *Bradley* and *Bailey, JJ.,* concur.