MAUPIN v. BOYD & BRYANT.

A. died, leaving his wife devisee and executrix during her life or wid-·
owhood. After proving the will, &c. the widow contracted several
debts for the benefit of the estate, for which she gave her individ-
ual notes, and then intermarried with one M.—Held, that the ad-
ministrators of the estate, appointed by the county court on the
marriage of the widow, pursuant to the provisions of the will, were
liable to M. for the amount of these notes, as so much money paid to·
the use of the estate.

*Todd*, for appellant:

The plaintiff seeks a reversal of the judgment below, and a judgment in favor of his demand, upon these grounds:

First. That the demand presented by him to the Boone county court, is a demand against the estate of James T. Moss, deceased.

Second. That it is a demand due to the plaintiff.

1. The executrix, in executing the will, had discre-·tionary power, and her contracts were obligatory upon the funds and property of the estate—2 Maddox, 159; 1 Pirtle's Dig. 426, sec. 82, 84; 2 Pirt. Dig. 45, sec. 28.

2. She might use common and ordinary means employed in transacting the business of the estate, and contract debts upon credit and execute notes—1 J. J. M. 289; 2 Pirtle's Digest, 207.

3. That in contracts relating to the trust property, and with the fiduciary, no implication or inference will arise to charge the fiduciary in his private capacity; and a contract executed binds the *trust estate*, and the trustee in his representative capacity—1 Cranch, 345; 3 Cain, 69; 1 T. R. 172; 12 John. 444.

4. In contracts thus executed, the designation of the individual that he acts in trust, or any omission so to designate his character, does not affix the true character of the person making the obligation; but it is fixed by law, if the persons actually entered into the contract in such capacity, and it be made about the estate in trust, or with-in the powers granted—2 Cowen's Rep. 533; 5 Whea. 326.

5. In executing notes, the obligation will be construed according to the intent of the parties in creating the liability—*ibid*; 1 Bibb, 157; 2 Pirtle, 158, sec. 2, title "Partners."

6. The contract of no fiduciary will be made an individual responsibility, without express contract, and upon new consideration—*ibid*; 2 Littell, 66.

7. Upon the old consideration a new contract super-

adds no additional obligation—2 Littell, 66; Saunders, 210.

8. Therefore, the law will not infer a responsibility or obligation on a trustee, in his individual character, without good consideration and express contract.

Second. That it is a demand due the plaintiff.

1. The plaintiff paid the debt the defendants owed for the estate, which, being beneficial to the estate and an injury to him, the law implies a request—1 C. R. 45; 3 John. 100.

2. It being a debt due by the estate, and the defendant resisting its payment, the law will infer their request that the plaintiff should pay it to the creditor.

3. If the plaintiff's wife was bound to pay the debt as a personal debt, its payment by her husband to save her credit, gives him a legal right in assumpsit against the administrators, upon the consideration of the wife's promise to pay the debt of the estate.

4. If it was a debt created with power under the will, obligatory on the estate, taken up by the plaintiff for the credit of the executrix or the representatives afterwards, it is an equitable demand, and the law will substitute the plaintiff in the place of the creditor—2 J. C. R. 554; 4 J. C. R. 123.

5. Particularly as the statute gives the county court power to adjudicate upon equitable demands—Digest of Mo. page 51, sec. 2 to 8; do. 53, sec. 24 to 33.

6. And gives exclusive jurisdiction over executors and administrators—Digest of Mo. 156, title "Courts," sec. 15.

7. And, as in this case, equity has no grounds to act upon, viewing it as a trust by the will; for the will gives her illimitable control over the estate, not revisable or responsible in equity.

*Kirtly*, for defendants:

In support of the decision of the circuit court, the defendant in error will insist on the following points:

1. That persons acting in an official or fiduciary character, or as an agent, may, by their acts and contracts in relation to the objects of their appointment, become individually liable, and that they are so liable if they contract as individuals, and the credit be given to them personally—see Paley on Agency, 298, 300–3; 5 East, 148, Appleton v. Berks; 3 Cain's R. 69, 70; 11 Mas. R. 27; 2 Chitty on Bills, 27, 28; McClintock v. Bryant, 1 Mo. R. 598

MAY TERM,
1838.

Maupin
v.
Boyd & Bryant.

2. That in this case, the estate of James T. Moss and Mrs. Sarah Moss could not at the same time be each responsible for the payment of the bonds in controversy; and that the liability of either is conclusive of the irresponsibility of the other, unless each was expressly bound by the contract—3 Cain's R. 69; 11 Mas. R. 27; McClintock v. Bryant, 1 Mo. R. 598.

3. That if the estate of James T. Moss is responsible, the payment of the bonds in controversy by Maupin was voluntary, and gives him no claim upon the estate—Comyn on Contracts, 452; 8 T. R. 613, 310.

4. That these debts being incurred after the decease of the testator, and after letters testamentary were granted to his executrix, cannot now be allowed and classed under the statute as demands against the estate; and, if a charge upon the estate at all, could only be allowed as costs and expenses in a settlement with the executrix or the present administrators—Statutes of Mo. 55.

McGirk, Judge, delivered the opinion of the court.

It appears by the record that one James T. Moss, of Boone county, on or about the 5th of January, 1827, made his last will and testament, and shortly thereafter departed this life. That by said will all his real and personal property was given to his wife, Sarah Moss, during her natural life or widowhood, to be managed by her as she might think best, for the benefit of his children. The will orders portions to be given to children on their marriage; provides that the executrix, Sarah Moss, shall give no security, and make no settlements; and further provides that in case the widow should marry, then the county court shall appoint administrators. The widow proved the will, and took on herself the execution of the same. The testator left several children, and considerable estate, real and personal. That she took the charge of the family and property, and afterwards made several contracts for goods, leather shoes, and shoemaking, for the express use and benefit of the family, and, in every instance, gave her individual note for the payment of the money. That she did not pay the money. That about the year, 1835, she made some settlement with the county court, and thereupon shortly afterwards intermarried with the plaintiff, Maupin, leaving the notes unpaid. That then the county court of Boone county appointed the defendants, Boyd and Bryant, administrators of the

estate. That after the marriage, Maupin paid a portion of the notes and took them up, and possessed himself of the balance, without it appearing whether he actually paid them or not. Maupin presented the notes to the county court for an allowance against the administrators out of the assets of the testator. The administrators resisted the demand, and the county court refused the allowance. Maupin appealed to the circuit court of Boone county, and that court also rejected the demand. To correct this decision the cause is brought here.

Mr. Kirtly, of counsel for the administrators, places the rejection of this demand on the ground that it was not a demand against the deceased at the time of his death, and that therefore it cannot be allowed by the authority of the act of the general assembly providing for the payment of the debts of deceased persons; and he then admits that if this demand had been presented as a claim for necessary expenses incurred by the executrix in her care and management of the estate, it might be allowed as such; but for want of that, it cannot be allowed.

Mr. Todd, of counsel for the plaintiff, insists that this claim, in the hands of Maupin, is nothing more nor less than a claim for money laid out by Maupin for the use and benefit of the estate of the testator; and in that light, so far as his money has been used to pay a debt rightfully incurred by the executrix in pursuance of her trust, and remaining unpaid at the time the trust terminated, he is entitled to have his money refunded. The whole court is clearly of opinion that this view is correct; and that so far as Maupin can prove he has paid money which constitutes a just charge on the assets of the testator in the hands of the executrix during her executorship, he will be entitled to it by an allowance against the present administrators.

The counsel for the administrators has further objected, that the true test in this case is, that if the executrix was liable in her individual capacity, then the present administrators are not; and to support this proposition, cites and relies on the case of Bryant v. McClintock, decided by this court—1 vol. Mo. R. 598. In that case the question was, whether or not Bryant et al., being commissioners for county buildings, were individually liable? McClintock had, at the request of Bryant et al., done the work, and to settle the matter, the court inquired whether, in the first place, the county was liable? And as in that case the work had been performed, it was

A. died, leaving his wife devisee and executrix during her life or widowhood. After proving the will, &c. the widow contracted several debts for the benefit of the estate, for which she gave her individual notes, and then intermarried with one M.—Held, that the administrators of the estate, appointed by the county court on the marriage of the widow, pursuant to the provisions of the will,

MAY TERM, 1838.

were liable to M. for the amount of these notes, as so much money paid to the use of the estate.

clear some body ought to pay for it. The court then said if the county was not liable, then Bryant was. But this case is not like that. In this case, there can be no doubt that when the shoes were made and the goods delivered, the assets of the testator were then primarily liable; and when the executrix gave her own notes, that act extinguished the debt as far as the shoemaker and merchant were concerned, and they could only look to the widow individually for their money. Now, if she paid out of her own money, she then had a claim against the assets for that much money paid to the use of the estate; and when Maupin married her, it was his duty to pay her debts, and in doing so he paid money to the use of the estate of Moss. Then the matter amounts to this, that Maupin paid debts which he was bound in law to pay to the shoemaker and merchant, and the estate was not bound to them. But the estate is bound to pay Maupin for this expenditure, as money paid to its use.

I am therefore of opinion the judgment of the circuit court ought to be reversed; and the other Judges concurring herein, the same is reversed. The cause is remanded to that court to proceed herein.