**In the ESTATE OF Clara BENDS, Deceased.**

**C. Marvin HURT, Respondent,**

v.

**Frances DEAL, Executrix of the Estate of Clara Bends, Deceased, Appellant.**

**No. 11154.**

Missouri Court of Appeals, Southern District, En Banc.

Oct. 24, 1979.

Anthony J. Heckemeyer, Sikeston, for respondent.

Phillip J. Barkett, Jr., Dempster, Fuchs & Barkett, Sikeston, for appellant.

PREWITT, Judge.

Executrix appeals from a judgment allowing respondent's claim for $1,614.55 against the estate of Clara Bends, deceased. Decedent is the mother of respondent and had resided with him for several years prior to her death. She died on August 26, 1977 and on August 29, 1977, appellant was appointed executrix of her estate. Appellant is the ex-wife of respondent and the mother of their son, Lewis Wayne Hurt, a resident of Kansas and the sole beneficiary of Mrs. Bends' estate. From September 23, 1977 through October 1, 1977, respondent paid various bills for which he sought reimbursement. He paid the physician's and hospital bills for her last illness, which were $135.00 and $125.00 respectively. He paid her funeral bill of $1,184.25 and $50.00 for the minister's conducting of the service. He also paid city and county real estate taxes of $28.57 and $91.73 on property formerly owned by the deceased, which is now an asset of the estate.

Respondent paid these bills as they came to his residence in the mail. He did not receive assignments from any of the creditors. He "knew" he would be reimbursed, or "thought" he would, as his mother had sufficient money in the bank. Prior to paying the bills, he did not discuss reimbursement with the executrix or the sole beneficiary of the estate. Respondent paid the bills because he and his mother "have a horror of unpaid bills". He "didn't want any reflection on my mother's payment of any bills due from any source". He thought all of the bills were reasonable.

He paid them because he was "next of kin" and thought it was his "obligation to see that they were paid". There is no contention that any of the bills were unreasonable nor that the funeral expenses were out of proportion to the estate. Respondent testified that for the last 7 or 8 years of his mother's life, he paid all of her bills.

The trial judge found that the bills were reasonable and would have represented valid claims against the estate, if filed by the persons or entities who had been paid; that after the allowance of respondent's claim, there will be adequate assets to pay all other claims, taxes, court costs and other expenses of administration; and that it is just and equitable that the estate reimburse respondent for the payments. Appellant contends the court erred because respondent was "a mere volunteer" and the evidence did not show that respondent "had a justifiable expectation of reimbursement for the bills that he paid". There was little, if any, conflict in the evidence.

As relevant here, a "volunteer" is one who pays the debt of another without a request, when not legally or morally bound to do so and not in the protection of his own interest. *Wallick v. First State Bank of Farmington,* 532 S.W.2d 520, 523 (Mo.App. 1976); 92 C.J.S. Volunteer p. 1032. A volunteer cannot recover such a payment. *Wallick v. First State Bank of Farmington, supra,* 532 S.W.2d at 523. To determine if reimbursement should be made, courts must balance the equities and consider the relationship of the parties. Recovery of payments made for others in good faith is allowed where, because of the relationship, the payor has reason to believe that he will be repaid. 58 C.J.S. Money Paid § 3.c.(3), p. 893. A person paying funeral expenses may be entitled to reimbursement out of the estate unless he was a volunteer. 31 Am.Jur.2d, Executors and Administrators, § 320, p. 159. Equitable principles may be invoked in the determination of the allowance of probate claims. *In re Estate of Torreyson,* 442 S.W.2d 110, 116 (Mo.App.1969).

Appellant cites two cases for her contention that reimbursement by the estate was improper, *Loman v. Harrelson,* 437 S.W.2d 123 (Mo.App.1968) and *Cape Girardeau Bell Telephone Co. v. Hamil's Estate,* 153 Mo. App. 404, 134 S.W. 1103 (1911). Neither case involved a family relationship. In *Loman,* Kansas City paid an employee's medical expenses and wages during an absence as a result of a vehicular collision. The city sought to intervene in the employee's personal injury action and the court held that the city was a volunteer and not entitled to any relief. Those facts are substantially different from the present case, and we feel that holding is not persuasive in our determination here. In *Cape Girardeau Bell Telephone Co. v. Hamil's Estate,* the Springfield Court of Appeals held that an employer could not recover for paying an employee's funeral expenses, and reversed the order allowing the claim. However, although not noted by either party in their briefs, that decision was not the final determination of the suit. Following the judgment allowing the claim, the estate appealed to the St. Louis Court of Appeals, which transferred the case to the Springfield Court of Appeals. The statute under which the case was transferred was declared unconstitutional and the cause retransferred. The St. Louis Court of Appeals affirmed the judgment and allowed the claim. *Cape Girardeau Bell Telephone Co. v. Hamil,* 160 Mo. App. 521, 140 S.W. 951 (1911). That court held that one, other than the administrator or executor, may recover funeral expenses if the expenses are reasonable and suitable to the estate and the payor is not a mere interloper. They found that the employer was not such a volunteer and was entitled to reimbursement. Id. 140 S.W. at 954.

It has usually been held that a child who pays the funeral expenses of his parent is entitled to reimbursement from the estate. See Annotation "Subrogation or Reimbursement, from Decedent's Estate, of Persons Other Than Personal Representative or Surviving Spouse Paying Funeral Expenses". 35 A.L.R.2d 1399 at 1406. We see no reason why such rulings should not be followed here. The trial court so found, not only as to the funeral bills, but as to the

other expenses. In this non-jury case, we should not reverse unless we find there is no substantial evidence to support its ruling, unless it was against the weight of the evidence, unless it erroneously declared the law, or erroneously applied the law. Rule 73.01, V.A.M.R.; *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We believe the trial court correctly allowed the claim in applying the law and equitable principles to the facts.

The relationship was such that respondent was not a "mere volunteer". Mrs. Bends was his mother, she lived with him, and he had paid her bills for years. He knew she left sufficient funds to reimburse him. Besides the ultimate decision in *Cape Girardeau Bell Telephone Co. v. Hamil*, above noted, other Missouri decisions have allowed similar reimbursement from an estate. *Maupin v. Boyd*, 5 Mo. 106 (1838); *Costello v. Brune*, 217 Mo.App. 587, 272 S.W. 1056 (1925). In *Maupin*, reimbursement was allowed to a widow's new husband when he paid certain expenses of the deceased husband. In *Costello*, the husband paid taxes and insurance on property of his deceased wife. The allowance of his claim was affirmed on appeal. The court noted that the evidence supported a finding that the payments were not voluntary but made with the expectation of reimbursement. *Costello v. Brune, supra*, 272 S.W. at 1057. Under the evidence, we find no error in the trial court's allowing the claim.

The judgment is affirmed.

All concur.