Morris **OKSNER, et al., Appellants,**

v.

**Daniel Edward JACO, et al., Respondents.**

No. 45773.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 25, 1983.

Austin C. Knetzger, Kirkwood, for appellants.

Brian Bild, St. Louis, for respondent Daniel Edward Jaco.

Burton M. Greenberg, St. Louis, for respondent Jean Jaco Watson.

REINHARD, Presiding Judge.

This case comes to this writer on reassignment.

Plaintiffs initially filed this case in the associate circuit court, but it was later certified to the circuit court. The plaintiffs' petition survived several motions to dismiss in the associate and circuit courts, but the circuit judge ultimately sustained defendants' motions to dismiss plaintiffs' first amended petition for failure to state a cause of action. Plaintiffs appeal.

Plaintiffs' amended petition alleges that on or about August 11, 1975, Gladys Schmieder created a living trust for her own benefit and for the benefit of her husband Frank Schmieder during their lifetimes, with remainder to her two children, Daniel Edward Jaco and Jean Jaco Watson. Gladys and Frank both conveyed real estate into the trust. The petition alleges that Item 4 of the trust agreement provided:

After the death of the Grantor, the Trustee shall pay to or for the benefit of Grantor's husband, FRANK J. SCHMIEDER, all of the net income of the trust estate and so much of the principal of the trust estate as Trustee may, in her sole discretion, deem necessary for the proper care, support and maintenance of the said FRANK J. SCHMIEDER. Upon the death of FRANK J. SCHMIEDER, Trustee shall be authorized to expend such sums as the Trustee in her sole discretion, deems necessary for the last illness, funeral and debts of the said FRANK J. SCHMIEDER.

The petition alleges that Gladys served as trustee during her lifetime, and when she died, her son Daniel succeeded her as trustee. The petition alleges that Frank died on July 14, 1980, that plaintiff Melba Oksner is the sister of Frank, and that she and her husband, Morris, made arrangements and paid for Frank's funeral which cost $3,740.33. The petition further alleges that the trust has ample assets to pay the funeral expenses, that the trustee has refused to pay those expenses, and that Frank's estate has a value of less than $1,000.00. The suit named Daniel as a defendant in his capacity as trustee and as *cestui que trust* and named Jean as defendant as *cestui que trust,* and it asked that plaintiffs be reimbursed for the funeral expenses.

The gist of the motions to dismiss was that the trustee had absolute discretion to determine whether to pay for Frank's funeral and that the trustee's determination is not subject to review. It appears that on this basis the trial court sustained the motions to dismiss. An examination of the relevant law reveals that the dismissal on the pleadings was error.

■ Ordinarily, when discretion is conferred upon a trustee, its exercise is not subject to control by the court except to prevent an abuse by the trustee of his discretion. *First National Bank of Kansas City v. Hyde,* 363 S.W.2d 647, 655 (Mo.1962). Judge Matthes, writing for this court in *Bakewell v. Mercantile Trust Co.,* 308 S.W.2d 341 (Mo.App.1957), *modified,* 319

S.W.2d 600 (Mo. banc 1958), recognized that a grantor can, by the trust instrument, endow the trustee with uncontrollable power. However, he stated:

"While the terms of a trust may vest discretionary power in a trustee, and while limitations on the powers of a trustee will be strictly construed, a court of equity will *never* favor a construction that confers * * * absolute and uncontrollable powers, since such powers are inconsistent with the existence of a trust." 54 Am.Jur. (Trusts) § 293. (emphasis added).

*Id.* at 355.

■ The only provision of the trust agreement before the court on the motion to dismiss was that which appeared in plaintiffs' petition and is quoted above.[1] We find no language in the instrument as pleaded that confers on the trustee absolute and uncontrollable powers as envisioned by Judge Matthes. Therefore, the trustee's action or inaction may be reviewed to determine whether he abused his discretion by acting arbitrarily, fraudulently, or in bad faith. *Bakewell v. Mercantile Trust Co.,* 319 S.W.2d 600, 606 (Mo. banc 1958). These questions cannot be resolved upon the pleadings. The facts and circumstances surrounding an exercise of discretion can only be weighed when presented by way of evidence.

In this case the trustee was also a beneficiary under the trust; therefore, the facts and circumstances surrounding his refusal to pay the funeral expenses merit unusually close scrutiny. Among the factors to be considered are Frank's contribution to the corpus of the trust, the grantor's general intent toward Frank, and the type of funeral services provided for the trustee's mother under the trust.[2]

Judgment reversed and cause remanded.

SNYDER and CRIST, JJ., concur.

1. The legal file in this case includes many documents that have no bearing upon a motion to dismiss on the pleadings.

2. One of the defendants contends the plaintiffs were volunteers and, therefore, cannot recover. The question of whether the plaintiffs were volunteers who may not recover is not a question that can be resolved on the pleadings here. It is a question to be resolved upon examination of the evidence. *See Estate of Bends,* 589 S.W.2d 330 (Mo.App.1979).