**TICOR TITLE INSURANCE COMPANY, Plaintiff–Respondent,**

v.

**Carl E. MUNDELIUS, Defendant–Appellant.**

No. 64849.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 25, 1994.

Rehearing Denied Nov. 30, 1994.

Warren W. Friedman, Garry McCubbin, Law Offices of Warren W. Friedman, St. Louis, for appellant.

Robert E. Jones, Alan L. Farkas, St. Louis, for respondent.

CRANDALL, Judge.

Defendant, Carl E. Mundelius, appeals a $2,000 judgment in favor of plaintiff, Ticor Title Insurance Company (Ticor), in a court-tried case. We affirm.

Defendant contracted to purchase a home from Parc Argonne Development Company for $144,244.67. Ticor acted as escrow agent for the sale. An employee of Ticor prepared the settlement statement which erroneously listed the sale price of the property as $142,-224.67. Defendant testified that he had brought the error to the attention of the Ticor employee, but that the employee had insisted the amount on the statement was correct. When the sale closed, defendant paid Parc Argonne $2,000 less than what he had contracted to pay.

The shortage was later discovered by Parc Argonne, who notified Ticor. Ticor made numerous efforts to inform defendant of the error and to collect the unpaid amount, with no response. Ticor paid Parc Argonne the $2,000 difference to avoid delaying the closing. It then sought reimbursement from defendant. When defendant failed to respond to Ticor's reimbursement requests, Ticor brought an action for the $2,000.

Defendant contends the trial court erred in entering judgment for Ticor because the judgment is unsupported by the evidence, or in the alternative, is based on a misapplication of the law of restitution. Defendant asserts that Ticor's payment was either a compromise settlement or a voluntary payment.

One who confers a benefit upon another due to a mistake is entitled to restitution if the conferring of the benefit was caused by the mistake. Rest. of Restitution § 9 (1937). "The right to restitution for unjust enrichment presupposes: (1) that the defendant was enriched by the receipt of a benefit; (2) that the enrichment was at the expense of the plaintiff; (3) that it would be unjust to allow the defendant to retain the benefit." *Petrie v. LeVan*, 799 S.W.2d 632, 635 (Mo.App.1990). Here, there is no question the defendant paid $2,000 less than he should have paid for the real estate due to an error Ticor made in the settlement statement. Additionally, it is not contested that Ticor paid the shortage due from defendant to Parc Argonne. Defendant received a general warranty deed to the property and took immediate possession of the property upon closing. He therefore received a $2,000 benefit for which he did not pay. This enrichment came at Ticor's expense. To allow him

to retain this benefit without full payment would be unjust.

Defendant cites *Farmers New World Life Ins. Co. v. Jolley,* 747 S.W.2d 704 (Mo.App. 1988), in support of his contention that this payment by Ticor was a compromise settlement. In *Farmers,* a life insurance company disbursed funds to a beneficiary and her attorney after her husband apparently drowned in a boating accident. *Id.* at 705. The insurance company negotiated a settlement agreement with the beneficiary which provided she would return the money if her husband was later found to be living. *Id.* After the husband resurfaced a year later, the insurance company sought and obtained restitution from the beneficiary. *Id.* at 705. The court held that the insurance company was not entitled to restitution if it disbursed funds knowing there was uncertainty as to whether payment was due; it assumed the risk of payment. *Id.* at 707. The insurance company could recover funds disbursed to the beneficiary only because she signed the settlement agreement. *Id.* at 708. However, because her attorney was not party to the agreement, and had performed services for his contingent fee, the court found that he was not unjustly enriched and held the insurance company could not recover his fee. *Id.* at 706–08.

This case is distinguishable from *Farmers* because Ticor did not pay Parc Argonne under an uncertainty that the $2,000 was due. After it discovered the scrivener's error, Ticor paid Parc Argonne money that defendant truly owed. No compromise settlement was ever attempted with the parties.

 Defendant also characterizes Ticor's payment to Parc Argonne as voluntary. A person who voluntarily pays money with full knowledge of the facts cannot recover. *See American Motorists Ins. Co. v. Shrock,* 447 S.W.2d 809, 812 (Mo.App.1969). Here, Ticor's payment was made in performance of its duty as defendant's escrow agent, and as such, was not voluntary. Substantial evidence of demand for payment from defendant was adduced at trial.

To determine if the payor should be reimbursed, courts must balance the equities, considering the relationship of the parties. *Estate of Bends,* 589 S.W.2d 330, 332 (Mo. App.1979). The payor should be allowed to recover for payments made for others in good faith where, because of the relationship, he had reason to believe that he would be reimbursed. *Id.* In this case, Ticor's relationship with the defendant gave Ticor reason to believe it would be reimbursed. Ticor was acting in its capacity as defendant's escrow agent for the real estate purchase, and as such, had reason to believe that defendant would reimburse it for costs associated with the purchase. Therefore, Ticor should be allowed to recover the $2,000 shortage from defendant. Defendant's point is denied.

The judgment of the trial court is affirmed.[1]

CRANE, P.J., and DOWD, J., concur.

---

1. Plaintiff's motion for damages for frivolous appeal, Rule 84.19, is denied.