**TITLE PARTNERS AGENCY, LLC,**
**Plaintiff/Respondent,**

v.

**DEVISEES OF the LAST WILL AND TESTAMENT OF M. SHARON DORSEY, and Patrick Dorsey, Personal Representative, Defendants,**

and

**Patrick T. Dorsey, Defendant/Appellant.**

**No. ED 94942.**

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 25, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 10, 2011.

Application for Transfer Denied
April 26, 2011.

Robert J. Maurer, Clayton, MO, for appellant.

Robert J. Selsor, Polsinelli Shugart PC, St. Louis, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Plaintiff title insurance company filed a lawsuit to recover the sum of $6,688.77, representing the amount owed by the seller on a second deed of trust on real estate sold to plaintiff's insured, which amount plaintiff then paid to the mortgagor because it had not discovered, and defendant had not disclosed, the existence of the second deed of trust at the time the real estate was sold. Defendant appeals from the judgment in plaintiff's favor. We affirm.

Defendant, Patrick T. Dorsey, was appointed the personal representative of the estate (the Estate) of his mother, Sharon Dorsey, following her death on November 28, 2001. The will was contested by one of defendant's siblings, and the will contest was not resolved until 2005 after a trial and appeal. *See Dorsey v. Dorsey*, 156 S.W.3d 442 (Mo.App.2005). Among the assets of the Estate was real property located at 7163 Princeton Avenue (the Property) in St. Louis County, Missouri. On June 19, 2007, Kanefield Properties, Inc. (Kanefield), a Missouri real estate broker, made a written offer for the Property. Mr. Dorsey accepted the offer on behalf of the Estate on June 21, 2007. The contract gave Kanefield the option to purchase title insurance, and it required Kanefield to report any title defects within twenty-five days. Kanefield entered into an agreement with plaintiff, Title Partners Agency, LLC, to provide title insurance. There was an outstanding second deed of trust on the Property, on which Mr. Dorsey had made several payments as the personal representative of the Estate. Plaintiff's title examiner conducted a title search, but it did not find the second deed of trust.

The sale of the Property to Kanefield closed on July 23, 2007. On the day of closing, Mr. Dorsey executed an affidavit before a notary public attesting that there were no loans or mortgages on the Property. The affidavit stated it was given to induce "U.S. Title" to issue a title insurance policy. Although plaintiff was not U.S. Title, it received this affidavit, the affidavit was part of its business records, and plaintiff's witness testified that plaintiff made its disbursement at closing on the basis of the representations in this affidavit. Plaintiff disbursed $226,601.48 to the Estate and did not withhold an amount to pay off the second deed of trust, which was held by Wachovia Mortgage Corporation. Plaintiff's witness testified that if plaintiff had known of the second deed of trust, it would have withheld the payoff amount for the second deed of trust from the proceeds paid to the Estate and used that sum to pay off the second deed of trust. Plaintiff ultimately paid Wachovia Mortgage Corporation the sum of $6,688.77 to satisfy the debt owed on the second deed of trust. The Statement of Final Account and Schedule of Proposed Distribution for Estate was filed on December 11, 2007, and Mr. Dorsey received $34,832.00 as his share of the estate.

Thereafter, on January 14, 2008, plaintiff filed a lawsuit against Mr. Dorsey, individually and in his capacity as personal representative of the Estate, and also against the devisees of the last will and testament of Sharon Dorsey. As subsequently

amended, plaintiff's petition asserted claims based on breach of contract, unjust enrichment, fraudulent misrepresentation, and money had and received. After a bench trial, the case was submitted on theories of unjust enrichment, fraudulent misrepresentation, and money had and received. After plaintiff moved to dismiss all defendants except Mr. Dorsey, the court entered an Amended Judgment[1] against Mr. Dorsey in the amount of $6,456.23 plus court costs, and it dismissed the remaining defendants. The trial court did not make findings of fact or conclusions of law, and neither party requested that the trial court do so.

## DISCUSSION

We will affirm the judgment in a court-tried case "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In a court-tried case, we will accept all evidence and inferences favorable to the judgment and disregard all contrary inferences. *Midwest Bankcentre v. Old Republic Title Co.*, 247 S.W.3d 116, 122 (Mo.App. 2008). "When neither party requests findings of fact or conclusions of law, '[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached.'" *Id.* (quoting Rule 73.01(c)).

On appeal, defendant argues that the court's judgment cannot stand on any of the three counts submitted. The trial court did not enter conclusions of law and did not specify the theory or count on which its judgment was based. When multiple theories are available upon which the trial court could have based its judgment, we must affirm the judgment if we can do so on any reasonable theory pleaded and supported by the evidence. *Dickson v. Dickson*, 591 S.W.2d 267, 270 (Mo. App.1979). We start our discussion by considering defendant's arguments relating to error in the entry of judgment on the theory of unjust enrichment, which defendant raises in his second point.

Defendant contends that the trial court erred in entering judgment in plaintiff's favor on the theory of unjust enrichment because defendant was not unjustly enriched by plaintiff's payment of the second deed of trust in that the payment benefited a third party, Kanefield. Defendant argues that Kanefield accepted the liability on the deed of trust with the transfer of the deed because it did not provide defendant notice of a title deficiency within twenty-five days after signing the real estate contract. Defendant concludes that, as a result, Kanefield received the benefit of plaintiff's payment on the deed of trust, and defendant is therefore not liable on a theory of unjust enrichment. We disagree.

"Unjust enrichment occurs when a person retains and enjoys the benefit conferred upon him without paying its reasonable value." *Koepke Const. v. Woodsage Const.*, 844 S.W.2d 508, 515 (Mo.App. 1992). "Unjust enrichment permits restitution based upon the value of the benefit received." *Id.* at 516. A person who confers a benefit upon another due to a mistake is entitled to restitution if the mistake caused the conferring of the benefit. RESTATEMENT OF RESTITUTION § 9 (1937). The remedy for unjust enrichment is restitution because the law does not allow a party

---

1. The trial court's original "judgment" in favor of plaintiff against Mr. Dorsey individually was not a final judgment, and we dismissed Mr. Dorsey's appeal therefrom. *Title Partners Agency, LLC v. Dorsey*, 308 S.W.3d 308 (Mo. App.2010).

to be compensated for that which it has not lost while another party pays for that which it did not receive. *Petrie v. LeVan*, 799 S.W.2d 632, 636 (Mo.App.1990).

"The right to restitution for unjust enrichment presupposes: (1) that the defendant was enriched by the receipt of a benefit; (2) that the enrichment was at the expense of the plaintiff; (3) that it would be unjust to allow the defendant to retain the benefit.'" *Ticor Title Ins. Co. v. Mundelius*, 887 S.W.2d 726, 727 (Mo.App.1994) (quoting *Petrie*, 799 S.W.2d at 635); *see also Howard v. Turnbull*, 258 S.W.3d 73, 76 (Mo.App.2008); *Hertz Corp. v. RAKS Hospitality, Inc.*, 196 S.W.3d 536, 543 (Mo. App.2006). "Thus, a person who has received money from another by mistake, money that in equity and good conscience the person ought not to keep, may be compelled to make restitution—even though the mistake was an honest one." *Petrie*, 799 S.W.2d at 635 (citing *Western Cas. & Sur. Co. v. Kohm*, 638 S.W.2d 798, 800 (Mo.App.1982)).

The evidence in this case establishes that defendant was unjustly enriched. At closing, the Estate received over $6,000 more than it would have received had the second deed of trust been disclosed[2] or discovered.[3] Plaintiff then paid off the second deed of trust to Wachovia with its own funds because of its obligations as the buyer's title insurer.[4] The Estate received a benefit because plaintiff paid off the Estate's obligation on the second deed of trust without charging the Estate at closing or otherwise receiving reimbursement from the Estate. By virtue of receiving a distribution from the Estate, defendant received this benefit and is liable for restitution. *See Springfield Land & Development Co. v. Bass*, 48 S.W.3d 620, 631–32 (Mo.App.2001) (holding former personal representative of closed probate estate who received a distribution from the estate personally liable for restitution to the extent of his distribution on a theory of money had and received when the estate had received and retained escrow funds that had been erroneously paid to the estate).

Defendant's claim that he was not unjustly enriched because Kanefield received the "benefit" of the repayment of the second deed of trust has no merit. He cites no legal authority supporting his rationale for this proposition. Further, he has not shown that Kanefield received anything it had not paid for. To the contrary, Kanefield was harmed when its funds were disbursed to the Estate without a deduction for the second mortgage. Kanefield

2. In determining that a defendant was unjustly enriched, it is irrelevant whether the defendant's misrepresentation was intentional or inadvertent. *LeVan*, 799 S.W.2d at 635–36.

3. Plaintiff's failure to timely discover the second deed of trust even though it was recorded does not affect its ability to recover for unjust enrichment. *Hertz Corp.*, 196 S.W.3d at 544. It "'has long been accepted that a payor's lack of care will not diminish his right to recover, or somehow justify retention of the windfall by an unintended beneficiary.'" *Id.* (quoting *Blue Cross Health Services, Inc. v. Sauer*, 800 S.W.2d 72, 76 (Mo.App.1990)); *see also Chicago Title Ins. Co. v. Mertens*, 878 S.W.2d 899, 901–02 (Mo.App.1994).

4. Title insurance seeks to eliminate the risk of loss arising from past events by indemnifying the insured for losses incurred as a result of title defects discovered later. *Crossman v. Yacubovich*, 290 S.W.3d 775, 779 (Mo.App. 2009) (citing Stephen M. Todd, *Title Insurance, in* 1 Mo. Real Estate Practice 2–1, § 2.2 (Mo. Bar 4th ed.2000)). The title insurer "receives one sum in consideration for its agreement to indemnify the insured, up to a specific amount, against loss caused by title defects or encumbrances on the subject property." *Crossman*, 290 S.W.3d at 779 (citing Joyce D. Palomar, Title Insurance Law § 1:8, at 1–21 (2008)).

was merely made whole when plaintiff paid off the second mortgage as Kanefield's title insuror. Defendant's liability for unjust enrichment was not in any way affected by the fact that Kanefield was protected from its loss.

The second deed of trust was a debt belonging to the Estate that would have been satisfied by a deduction from the sale proceeds paid to the Estate had the second deed of trust been discovered or disclosed at or before closing. It would be unjust to allow defendant to retain the portion of sale proceeds that should have been withheld to pay the second deed of trust, the amount the plaintiff then paid with its own funds to satisfy that obligation. *See Ticor,* 887 S.W.2d at 727–28; *see also Hertz,* 196 S.W.3d at 543–44. Point two is denied.

Because the judgment can be affirmed on the theory of unjust enrichment, we do not need to reach the points challenging the entry of judgment on the other two theories. *See Ingels v. Citizens State Bank,* 632 S.W.2d 9, 11 (Mo.App.1982). Further, because of our disposition of this point, defendant's fourth point, contending that defendant should have been awarded attorney's fees and other amounts is moot.

*Conclusion*

The judgment of the trial court is affirmed.

ROY L. RICHTER, C.J. and KENNETH M. ROMINES, J., concur.