Kathy WALLACE, Appellant,

v.

ST. FRANCIS MEDICAL CENTER, Respondent.

No. ED 99621.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 1, 2013.

Rehearing Denied Dec. 19, 2013.

Daniel H. Rau, Cape Girardeau, MO, for appellant.

Thomas O. McCarthy, St. Louis, MO, for respondent.

## OPINION

CLIFFORD H. AHRENS, Judge.

Kathy Wallace appeals from the trial court's summary judgment in favor of St. Francis Medical Center (Respondent). Finding no error, we affirm.

Respondent hired Ms. Wallace, a registered nurse, in 1983. Wallace claims that, in 2004, her supervisor designated her to be the permanent trauma assistant and, as such, she was on-call around the clock when not at work. In support of this claim, Wallace submitted with her petition an on-call contact list (dated March 2, 2011) naming her as trauma assistant. She contends that Respondent's 1983 offer of employment was a verbal agreement that was ratified in writing by the 2004 on-call sheet. Wallace further claims that she received pay for her on-call time until 2006, when Respondent allegedly ceased to compensate her on-call time. Wallace was terminated March 3, 2011. In April 2012, Wallace filed this action for breach of contract and *prima facie* tort seeking to recover $54,000 in back pay attributable to her allegedly permanent on-call status from 2006 to 2011. Respondent filed for dismissal or summary judgment on grounds that there existed no employment contract between the parties, the action was barred by the statute of frauds, and essential elements of the tort claim were lacking. The trial court granted summary judgment in favor of Respondent, and Wallace appeals.

Appellate review of summary judgment is *de novo*. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.1993). Summary judgment is proper when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Id.* at 377. A defendant may establish a right to summary judgment by showing undisputed facts that negate one of the essential elements of a plaintiff's claim. *Id.* at 381.

For her sole point, Wallace asserts that summary judgment was improper because genuine issues of material fact are in dispute. Specifically, Wallace cites conflicting affidavits as to her on-call status and corresponding pay expectation. In sum, Wallace claims that she was the permanent trauma assistant and thus always on call when not at work. Respondent denies that characterization and insists that Wallace was not authorized to be paid as permanently on call; rather, she was on callback (elective) status and paid accordingly. Wallace contends that this factual dispute precludes summary judgment on her breach of contract claim.

Respondent counters that summary judgment was proper because Wallace couldn't prove an essential element of her claim: the existence of a contract. We must agree that Respondent's verbal offer of employment in 1983 and its posting of an on-call contact sheet in 2004 are insufficient to create a contractual basis for Wallace's claim. Policies imposed on at-will employees do not create an enforceable employment contract. *Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661 (Mo. 1988). Neither do phone lists. Moreover, Wallace's claim was barred by the statute of frauds, which states:

> No action shall be brought ... upon any agreement that is not to be performed within one year from the making thereof, unless the agreement upon which the action shall be brought, or some memorandum or not thereof, shall be in writing and signed by the party to be charged therewith ...

§ 432.010 RSMo. Even accepting Wallace's premise that the verbal offer and acceptance in 1983 plus the 2004 on-call posting created a contract, to satisfy the statute of frauds, an employment contract must contain all essential terms, including duration of the employment relationship. *McCoy v. Spelman Mem'l Hosp.*, 845 S.W.2d 727, 730 (Mo.App.1993). No such term existed here. Absent a valid contract, Wallace's breach of contract claim must fail.

 Likewise, Wallace's tort claim also fails. To assert a claim for *prima facie* tort, a plaintiff must prove (1) an intentional lawful act, (2) defendant's intent to injure the plaintiff, (3) actual injury to the plaintiff, and (4) an absence of sufficient justification for the injury. *LPP Mortgage, Ltd. v. Marcin, Inc.*, 224 S.W.3d 50, 54 (Mo.App.2007). To establish the second element, a plaintiff much show a specific, clear-cut, express malicious intent to injure. *Woolsey v. Bank of Versailles*, 951 S.W.2d 662, 669 (Mo.App.1997). Wallace's petition does not allege any such malice. Additionally, a valid business interest is sufficient justification to defeat the fourth element (*LPP* at 55), and Wallace conceded in her affidavit that Respondent denied her on-call shifts "because the trauma budget would not support it."

Although the trial court granted summary judgment rather than dismissal, an appellate court will affirm on any theory pleaded and supported by the evidence. *Title Partners Agency LLC v. Devisees of M. Sharon Dorsey*, 334 S.W.3d 584, 587 (Mo.App.2011). Either way, Missouri law does not recognize a triable case in these facts. The trial court's judgment is affirmed.

ROY L. RICHTER, P.J. and GLENN A. NORTON, J., concur.